**IN RE Kari Lynn BECKMAN, Debtor(s)**

**Case No. 14–07656–LA7**

United States Bankruptcy Court, S.D. California.

Signed September 8, 2015

Lennie Ann Alzate, John A. Varley, Law Office of Lennie Alzate, San Diego, CA, for Debtor(s).

## MEMORANDUM DECISION ON TRUSTEE'S MOTION FOR DETERMINATION RE: FUNDS ON HAND IN CONVERTED CASES

LOUISE DE CARL ADLER, JUDGE

## I.

## INTRODUCTION

David Skelton, the former Chapter 13 trustee ("Mr.Skelton") in the chapter 13 bankruptcy case of Kari Lynn Beckman ("Debtor"), brings this Motion for Determination Re: Funds on Hand in Case Converted from Chapter 13 ("Motion"). Mr. Skelton seeks this determination due to the United States Supreme Court's opinion in *Harris v. Viegelahn*, —— U.S. ——, 135 S.Ct. 1829, 1835, 191 L.Ed.2d 783 (2015), holding that under the governing provisions of the Bankruptcy Code, a debtor who converts from a Chapter 13 to a Chapter 7 case is entitled to a return of any postpetition wages not yet distributed by the Chapter 13 trustee.

Mr. Skelton questions whether the *Harris* holding applies where (as here) the Debtor converted her case prior to plan confirmation. In such cases, his prior practice was to disburse the accumulated plan payments to the adequate protection creditors and administrative expense creditors pursuant to the mandates in this Court's General Order 175–D and § 1326(a)(2). Mr. Skelton does not want to violate these mandates. Therefore, he seeks instructions as to whom he should pay. The Debtor has not responded to the Motion. For the reasons more fully set forth below, the Court directs Mr. Skelton to disburse all of the funds to the Debtor.

## II.

## FACTUAL BACKGROUND

The Debtor filed her Chapter 13 case on September 29, 2014. Her initial § 341(a) meeting and subsequent hearings on objections to plan confirmation were continued over a period of months to permit response to the various objections, and to enable her to bring a lien strip motion to avoid an allegedly unsecured junior lien. The Debtor elected not to proceed with her plan and, on July 1, 2015, she filed a notice of conversion of her case to one under Chapter 7. [ECF No. 64] There is no allegation that the Debtor made this decision in bad faith. On that same day, the Debtor's counsel filed an application for the guideline fee of $3,600, which the Court granted subject to funds on hand. [ECF No. 72]

During the Chapter 13 case, the Debtor made plan payments to Mr. Skelton from her postpetition wages. The Debtor's secured creditor, Hyundai Motor Finance ("Hyundai"), filed a secured proof of claim and Mr. Skelton made the Debtor's preconfirmation adequate protection payments to Hyundai in accordance with ¶ 5 of the proposed plan and General Order 175–D.2. Further, Mr. Skelton discloses that on July 10, 2015—a date that is ten days after the Debtor's case was converted—he disbursed a "last" adequate protection payment to Hyundai in the amount of $157.24. Mr. Skelton has funds on hand in the amount of $4,000.21.

## III.

## ISSUE

Whether the Supreme Court's holding in *Harris* applies to a case that is converted from a chapter 13 to a chapter 7 prior to confirming the chapter 13 plan.

## IV.

## LEGAL ANALYSIS

The Supreme Court in *Harris* held that, in the absence of bad faith, a debtor who

converts from a Chapter 13 to a Chapter 7 case is entitled to a return of his or her postpetition wages not yet distributed by the Chapter 13 trustee. 135 S.Ct. at 1835, 1838. *Harris* involved a debtor whose Chapter 13 plan had been confirmed. This Court joins the courts that have concluded the Supreme Court's analysis applies with equal force where no plan was confirmed. *In re Sowell,* 535 B.R. 824, 826 (Bankr. D.Minn.2015); *In re Beauregard,* 533 B.R. 826, 829 (Bankr.D.N.M.2015); *see also In re Ulmer,* 2015 WL 3955258, *1 (Bankr. W.D.La. June 26, 2015).

In *Harris,* the debtor filed a Chapter 13 case and confirmed his plan. As with many debtors, he was unable to remain current with his payments and filed a notice converting his case to Chapter 7. Shortly after conversion, the Chapter 13 trustee used the undistributed plan payments to pay: creditors pursuant to the confirmed plan; debtor's counsel's administrative fee; and her own commission. The debtor filed a motion to compel the Chapter 13 trustee to pay him the funds she had paid to creditors, but did not challenge the administrative expense payments. The bankruptcy court granted the debtor's motion, and the district court affirmed. The Fifth Circuit reversed, concluding that a former Chapter 13 trustee must distribute a debtor's accumulated postpetition wages to his creditors. *In re Harris,* 757 F.3d at 468, 471 (5th Cir.2014).

Thereafter, a unanimous Supreme Court reversed and directed that the undistributed funds must be returned to the debtor. *Harris,* 135 S.Ct. at 1835, 1838. The Supreme Court explained that:

> When a debtor exercises his statutory right to convert, the case is placed under Chapter 7's governance, and no Chapter 13 provision holds sway. § 103(i)("Chapter 13 ... applies only in a case under [that] chapter.") Harris having convert-

ed the case, the Chapter 13 plan was no longer "bind[ing]." § 1327(a). And, Viegelahn, by then the *former* Chapter 13 trustee, lacked authority to distribute "payment[s] in accordance with the plan." § 1326(a)(2); see § 348(e).

*Id.* at 1838 (emphasis in original).

The Supreme Court emphasized that § 348(f) makes it clear that, absent bad faith, the undisbursed funds in the hands of the Chapter 13 trustee do not become part of the Chapter 7 estate in the converted case. *Id.* at 1837. It rejected the argument that a debtor would receive a "windfall" by reclaiming their wages from the former trustee, reasoning that the debtor could have kept these wages had the debtor filed under Chapter 7 in the first place. *Id.* at 1839.

Further, the Supreme Court rejected the argument that Chapter 13 trustees have a "duty" to distribute the accumulated funds *to creditors* as a facet of their obligations to "wind up" the affairs of the Chapter 13 estate; following conversion. It explained that:

> The Federal Rules of Bankruptcy Procedure ... specify what a terminated Chapter 13 trustee must do post–conversion: (1) she must turn over records and assets to the Chapter 7 trustee, Rule 1019(4); and (2) she must file a report with the United States bankruptcy trustee, Rule 1019(5)(B)(ii). Continuing to distribute funds to creditors pursuant to the defunct Chapter 13 plan [or § 1326(c) ] is not an authorized "wind-up" task.

*Id.* at 1939.

Mr. Skelton has attempted to distinguish *Harris* because it involved a confirmed plan. However, he has not cited to any cases that limit *Harris* to a confirmed plan; nor did the Court's independent research locate any such cases. The pivotal

analysis in *Harris* did not turn on the existence of a confirmed plan. *Harris* applies in cases converted to Chapter 7 irrespective of whether a Chapter 13 plan was confirmed. *Sowell,* 2015 WL at \*2; *Beauregard,* 533 B.R. at 829. As explained in *Beauregard*:

> [T]he Supreme Court held that none of the provisions of Chapter 13 apply in a case converted to Chapter 7. This holding is central to an understanding of the import of *Harris.* After conversion, a Chapter 13 trustee becomes the *formerly* serving Chapter 13 trustee in the case; her services qua Chapter 13 trustee are terminated, and her remaining responsibilities are not predicated on Chapter 13.

*Id.* at 829 (citing *Harris,* 135 S.Ct. at 1838)(emphasis in original).

It is Federal Rule Bankruptcy Procedure 1019 that specifies the terminated Chapter 13 trustee's wind up duties on conversion—not Chapter 13. *Beauregard,* at 830, (citing *Harris,* 135 S.Ct. at 1839). Therefore, in sum:

> [T]he *Harris* decision means that if a Chapter 13 case is converted before plan confirmation, all funds held by the standing Chapter 13 trustee on conversion that are not property of the Chapter 7 estate must be returned to the debtor, without paying administrative expenses.

*Beauregard,* at 832,.

The fact that no plan was confirmed in this case is irrelevant. Mr. Skelton's remaining duties are limited to winding up the estate as specified in Bankruptcy Rule 1019. As a terminated trustee, he has no authority to pay creditors or to take any other actions predicated on Chapter 13.

However, Mr. Skelton's primary question is: to whom should he pay the funds. The Supreme Court's answer is simple:

Section 348(e), of course, does not require a terminated trustee to hold accumulated funds in perpetuity; she must (as we hold today) return the undistributed postpetition wages to the debtor. Returning the funds to a debtor … is not a Chapter 13 service as is making "paymen[t] to creditors." § 1325(c).

*Harris,* 135 S.Ct. at 1838. In *Harris,* as here, the accumulated funds were the debtor's postpetition wages so they belonged to the debtor.

Mr. Skelton's prior practice of distributing the funds to adequate protection creditors (Hyundai), as mandated by General Order 175–D.7, is no longer appropriate. General Order 175–D.7 states that if a case is converted prior to plan confirmation, the trustee must disburse the accumulated amount that is still due pursuant to this General Order to adequate protection creditors. General Order 175–D provides that is based upon § 1326(a)(1)(A)(B) and (C), and *Harris* clearly instructs that the Chapter 13 provisions "hold no sway" in a converted Chapter 7 case. 135 S.Ct. at 1838 (citing to § 103(i)).

Similarly, Mr. Skelton cannot deduct from the funds the fees awarded to Debtor's counsel. Section 1326(a)(2) cannot be read in conjunction with *Harris* to allow him to pay administrative claims from the accumulated funds because *Harris* clearly states that the Chapter 13 provisions "hold no sway" in the converted Chapter 7 case. 135 S.Ct. at 1838; *see also Beauregard,* 533 B.R. at 831–32; *Sowell,* 535 B.R. at 826–27; *In re Ulmer,* 2015 WL 3955258 at \*1 (unanimously recognizing that, in a converted case after *Harris,* § 1326(a)(2) does not apply so counsel's fees cannot be deducted from the funds on hand).

## V.

### CONCLUSION

In conclusion, the Court orders Mr. Skelton to return to the Debtor all of the

accumulated funds in his possession. These accumulated funds are from the Debtor's postpetition wages so he cannot use these funds to pay adequate protection creditors; nor can he deduct the unpaid attorney's fees (or his administrative commission) from these funds. As well, the Court orders Mr. Skelton to refund to the Debtor the $157.24 that he paid to Hyundai ten days after the Debtor converted her case to a Chapter 7, unless the Debtor otherwise agrees.[1]

---

**1.** The Court remains unclear as to whether the Debtor intends to retain her Hyundai vehicle. If she intends to retain it, she must make the payments so it is possible that the Debtor will agree that Mr. Skelton's payment to Hyundai does not need to be repaid to her.